**UNITED STATES of America, Plaintiff,**

**v.**

**AMERICAN TELEPHONE & TELEGRAPH COMPANY; Western Electric Co., Inc.; Bell Telephone Laboratories, Inc., et al., Defendants.**

**Civ. A. No. 74–1698.**

United States District Court,
District of Columbia.

Nov. 9, 1979.

Kenneth C. Anderson, Washington, D. C., Paul L. Verveer, Laura F. Rothstein, Antitrust Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

George L. Saunders, Jr., Chicago, Ill., Harold Levy, John F. Preston, Jr., New York City, Richard J. Flynn, Washington, D. C., for defendants.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

A number of issues have recently arisen concerning the conduct of current and future pretrial proceedings. The Court has considered these issues, and after a hearing has reached a number of conclusions which are embodied in the attached Pretrial Order No. 17. Other matters, raised at the hearing on November 7, 1979, will be addressed in subsequent orders.

I

On October 19, 1979, the Court issued a Memorandum and a Draft Pretrial Order. These documents had as their principal purpose the establishment of a mechanism for integrating the stipulation process with the development of a meaningful catalogue of contested issues. Logically and functionally these two processes are intimately linked and they must, of necessity, be examined together on a transaction or subject matter basis. Allegations and evidence that are stipulated to will obviously not remain for contest at trial; and genuinely contested matters will not be the subject of stipulation. It was the Court's assumption that the parties' first and second Statements of Contentions and Proof contained essentially all of their claims and defenses and the evidence to support them; that the third and fourth Statements of Contentions and Proof, as directed by Pretrial Order No. 12, would not enlarge upon those matters in significant respects; and that a basis for the complete development of stipulations and contested issues presently exists.

It now appears from the government's submission of October 29, 1979, that it expects its third Statement of Contentions and Proof to accomplish more ambitious purposes than a mere narrowing of the earlier Statements. According to the government, its third Statement will summarize and organize the various procedures established by Pretrial Order No. 16; it will constitute in essence its first set of proposed findings of fact; it will identify those contentions in the government's case about which the parties agree and those about which disputes remain; it will form the basis of requests to admit; and it will include a rebuttal to defendants' regulatory

and other assertions organized along the lines of defendants' allegations. Beyond that, the government suggests that this Statement will integrate the allegations in its first and second Statements "into a cohesive whole to demonstrate the broad themes that underly the government's case."

Although it might be said that some or most of these objectives should have been accomplished in the earlier Statements, the Court is not insensitive to the government's current logistical problems and the time pressures upon both parties as well as upon the Special Masters under the Draft Pretrial Order. Moreover, it may well be that the purposes sought to be achieved by that document could also be attained under the more relaxed schedule proposed in the Special Masters' letter to the Court of October 26, 1979, and that, indeed, such a schedule will permit consideration of and agreement on major as well as minor undisputed facts. An extension of the schedule appears to be also supported by defendants—whose position, at a minimum, may be characterized as not in substantial disagreement with the thrust of the government's position [1]—and most significantly, it would interfere neither with the over-all pretrial scheduling targets set by Pretrial Order No. 16 [2] nor with the trial date. Accordingly, the draft pretrial order has been amended to provide the additional time sought by the government.

## II

█ The government has filed an appeal from an order issued by the Special Masters on October 30, 1979, which requires the parties to submit detailed statements of facts concerning two discrete transactions more generally described in the first two Statements of Contentions and Proof.[3] It is evidently the government's contention that (1) little can be accomplished by way of substantive stipulations until its third Statement of Contentions and Proof is filed; (2) the Special Masters are in error in attempting to effect a recasting of the parties' contentions in more neutral terms or in trying to weave the facts into a coherent whole; (3) the government is not able to comply with the Special Masters' plan because it has not had an opportunity to review its evidence on a subject matter basis and is unable to provide anything more than a summary narrative; and (4) the Court's draft order and the Special Masters' plan are overly ambitious and would vest too much discretion in the Special Masters. Defendants have responded by urging that the appeal be dismissed. The Court agrees.

The government's several submissions to the Court exhibit an excessive rigidity possibly borne of inadequate preparation. In September of last year the Court established an over-all framework and schedule for the development of contentions, the narrowing of issues, and the elimination from the case of matters which were not really in dispute. The procedures set forth in the Special Masters' order—consideration of possible stipulations by substantive topics and a recasting of the parties' contentions to the extent possible in neutral terms—not only do not represent a substantive departure from the design established by Pretrial Order No. 16 but they are clearly necessary if the stipulation process is to be meaningful and productive. Defendants are quite correct in their assertion (Memorandum, pp. 2–3) that "the stipulation negotiations must go beyond the narrow confines of the parties' stipulation worksheets and build upon these worksheets to identify the true nature

1. Defendants' comments of October 26, 1979, state, for example that "proceeding separately, first with the negotiation of stipulations based on contentions in the parties' earlier Statements followed by the submission of new contentions reflecting the results of discovery and other subsequent trial preparation efforts, would tend to fragment this process and could substantially reduce the utility of the stipulation negotiations" (p. 1); see also pp. 2 and 3.

2. Only the admissions process is scheduled in Pretrial Order No. 16 for the January-April 1980 period.

3. A request for a pretrial conference with the Court was also submitted. The hearing held on the appeal obviates the need for such a conference.

of the dispute between the parties with respect to each episode." Any effort to devote the negotiation conferences merely to the goal of arriving at the stipulation of a list of isolated, fragmentary facts would hardly advance the progress of this case or the cause of justice.[4]

Thus, the Court firmly supports the approach taken by the Special Masters. To the extent that the government suggests that it has not sufficiently reviewed its evidence by subject matter so as to be able to participate in stipulations on that basis, the answer is that it should have done so. Five years after the complaint was filed; more than one year after the Court had made it clear that the pretrial process would go forward; and following the filing of two Statements of Contentions and Proof government counsel may legitimately be expected to have the ability to discuss both the significance and the detail of its factual contentions. As indicated, Pretrial Order No. 17 extends the deadlines proposed in the Draft Pretrial Order, and the government is thus provided with another opportunity so to advance its preparations that it will be able to participate productively in the process of shaping both the stipulations and the catalogue of disputed contentions. That process will be governed by procedures and schedules as they have been or hereafter may be adopted by the Special Masters within the general framework of the orders of this Court.

Complex antitrust cases do not always move through the judicial process as expeditiously as the public has a right to expect. Delay and failure to develop the issues are usually laid at the doorstep of the corporate defendants on the theory that they sometimes employ such devices as means for defeating their adversaries through attri-

tion.[5] However, the Court must also ensure that antitrust plaintiffs will so define their allegations prior to trial as to make possible meaningful progress toward a prompt trial shorn of irrelevant and undisputed matters. The Court expects that the parties will cooperate in good faith with the Special Masters and will make available both the resources and the personnel necessary for a productive conclusion of the process envisioned by Pretrial Order Nos. 12, 16, and 17.

For the reasons stated, the appeal from the order of the Special Masters will be dismissed. However, the start of the stipulation process envisioned by that order will be delayed until on or about February 1, 1980. The Special Masters will, of course, continue to carry out all their other responsibilities both before and after February 1, 1980.

### III

Pretrial Order No. 17 also incorporates other suggestions of the parties as follows.

■ 1. Defendants suggest that the responsibility for compiling market data be transferred from the Magistrate to the Special Masters. The government opposes such a shift, but the Court finds the arguments advanced in support of defendants' proposal to be persuasive. There is a close relationship between the market contentions and the other substantive contentions of the parties, and in the interest of coherence they should be considered at the pretrial stage in the same proceedings and by the same process. The subject of market definition was initially assigned to the Magistrate largely because of the tight schedule faced by the Special Masters, but under Pretrial Order No. 17 that consideration is no longer valid.

---

4. As the Court has had occasion to note previously, inasmuch as most of the facts relevant to this case are already on the public record or otherwise widely known, there should be relatively little dispute on what actually occurred, and the actual events should therefore be largely stipulated to. If that were done, the trial could largely be devoted to proof of such matters as intent, to the conclusions to be drawn from the known facts, and to the appropriate

standards to be applied in areas such as the relevant market. Such a procedure would not only shorten the trial but it would also focus that trial on those issues which are likely to be determinative.

5. See generally, Report of the National Commission for the Review of Antitrust Laws and Procedures.

The government's objection to incorporating the market definition and market share process into the stipulation process [6] is difficult to understand. It would seem that the government would support efforts to reduce the zone of dispute on any aspect of this case, as distinguished from exclusive reliance on a more sterile exchange of objections. In any event, Pretrial Order No. 17 reassigns the function of supervising the exchange of market information to the Special Masters who will be expected to include it in the stipulation process.

Because of the Court's order of September 7, 1979, and the filing by defendants pursuant to that order of an additional market statement on October 12, 1979, an extension of the market exchange deadlines provided for in Pretrial Order No. 16 is necessary and appropriate. New due dates—which again will not interfere either with the over-all schedule contemplated by Pretrial Order No. 16 or with the trial date—are accordingly prescribed in Pretrial Order No. 17.

2. The government complains that defendants have not complied with the requirement, first stated in the Opinion of September 11, 1978, that defendants' Statements of Contentions and Proof shall be organized in a similar manner to plaintiff's and shall be similarly detailed. In the view of the Court, during the early stages not much more could be expected of defendants than detailed compilations of their contentions and their evidence, more or less responsively to the government's compilations. However, now that the parties have had the benefit of a substantial period of time for study and negotiation, defendants can be expected to align its next Statement of Contentions and Proof more closely with the government's next Statement in order that maximum benefit may be derived from the next round of stipulations. To that end, Pretrial Order No. 17 delays the due

date for defendants' third Statement of Contentions and Proof from December 31, 1979, to January 28, 1980, and requires that such Statement be so organized that defendants' responses to specific government allegations be clearly identified and discussed as such.[7]

3. The government recommends that the Court reiterate its instruction in Pretrial Order No. 12 that the parties' future contentions shall be within the scope of the first and second Statements of Contentions and Proof unless good cause is shown to the contrary and that any new pretrial order provide that the parties must present all their factual allegations in the proceedings before the Special Masters.[8] Paragraph 4 of Pretrial Order No. 12 adequately deals with the first of these suggestions; the second is incorporated in Pretrial Order No. 17.

---

6. Plaintiff's Report Concerning Market Data Exchange, filed October 25, 1979, p. 5.

7. As noted, the government will in its third Statement rebut defendants' affirmative assertions concerning at least the regulatory-context

defense along the lines of defendants' allegations as embodied in defendants' first and second Statements.

8. Plaintiff's Comments of October 26, 1979, p. 14.